[Cite as *State v. Jones*, 2011-Ohio-1108.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 :    Case No: 10CA3366
                                        :
    v.                                  :
                                        :    <u>DECISION AND</u>
TROY JONES,                             :    <u>JUDGMENT ENTRY</u>
                                        :
    Defendant-Appellant.                :    File-stamped date:  3-04-11

<u>APPEARANCES:</u>

Gene Meadows, Portsmouth, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Scioto County
Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

Kline, J.:

    **{¶1}**    Troy Jones appeals his convictions for trafficking in heroin and crack cocaine.  On appeal, Jones contends that his convictions are against the manifest weight of the evidence because his co-defendant was not a credible witness.  Because we find that the jury was free to credit the testimony of Jones's co-defendant, we disagree.  Jones next contends that the trial court erred when it admitted testimony related to the nature of the drug trade.  Because this evidence was relevant and not unfairly prejudicial, we disagree.  Finally, Jones contends that the trial court committed plain error by failing to specifically caution the jury against the testimony of his co-defendant.  Because we find that (1) the State corroborated the co-defendant's testimony, (2) the State made the jury aware of the co-defendant's interest in the

present prosecution, and (3) the trial court properly instructed the jury on determining the credibility of the witnesses, we disagree. Accordingly, we affirm the judgment of the trial court.

I.

{¶2}    On December 11, 2009, Trooper Nick Lewis of the Ohio State Highway Patrol received a report that the occupants of a Dodge minivan may have been involved in acts of vandalism and theft.

{¶3}    Approximately a half-hour after receiving this information, Lewis saw a purple minivan matching the given description at a stoplight. Lewis observed that only one of the van's headlights was working. Lewis followed and stopped this van.

{¶4}    The van contained two occupants, driver Joseph Runyon and passenger Jones. During the stop, Lewis noticed the smell of marijuana emanating from the van, and he also observed an open container present in the van. After backup arrived, Lewis removed the occupants from the van and searched them. Jones admitted that he possessed marijuana. During the search, Lewis also found some small "packaging envelopes" on Jones, which Lewis testified were often used to package cocaine and heroin for sale to individual users.

{¶5}    Lewis, along with another trooper, searched the van but found no additional incriminating evidence. During the search of the van, an officer placed both Runyon and Jones in one of the police cruisers. Lewis then took Jones to the nearest Ohio State Highway Patrol post in order to issue a citation for possession of marijuana. Meanwhile, Lewis had released Runyon, and Runyon followed Lewis and Jones to the Highway Patrol post in order to give Jones a ride after he received his citation. While

doing paperwork for the citation, Lewis listened to the tape recording of a conversation between Jones and Runyon that took place in the police cruiser while the police had searched the van. In this conversation, Runyon and Jones made statements that indicated they possessed crack cocaine and heroin.

{¶6} When Lewis confronted Runyon, Runyon admitted that whilst in the back of a police cruiser, he had helped Jones remove some heroin that Jones had concealed in his shoe. Runyon then took this heroin and hid it in the van. Also, Runyon admitted he had searched Jones to remove a separate stash of crack cocaine but did not find it. Runyon admitted that he was driving Jones to Columbus so that Jones could get a supply of drugs. Runyon also stated that he had received an oxycontin pill as compensation for driving. After Lewis confronted Runyon, Runyon led Lewis to the heroin he had removed from Jones and placed in the van's trash receptacle. A later search of the rear of Lewis's cruiser revealed the stash of crack cocaine had fallen to the floor of the vehicle.

{¶7} An expert witness for the State testified that the recovered heroin weighed 11.96 grams and the recovered crack cocaine weighed 11.43 grams. Another witness for the State, Detective Todd Bryant, testified on how the drug trade functioned.

{¶8} On January 21, 2010, the Scioto County Grand Jury returned a five-count indictment against Jones. The indictment accused Jones of 1) trafficking in crack cocaine, in violation of R.C. 2925.03(A)(2) & (C)(4)(e); 2) possession of crack cocaine, in violation of R.C. 2925.11(A) & (C)(4)(d); 3) trafficking in heroin, in violation of R.C. 2925.03(A)(2) & (C)(6)(e); 4) possession of heroin, in violation of R.C. 2925.11(A)(2) & (C)(6)(d); and 5) tampering with evidence, in violation of R.C. 2921.12(A)(1). A jury

returned guilty verdicts on all five counts. The court merged each possession conviction with its corresponding trafficking conviction. The court then sentenced Jones to seven years incarceration for each trafficking conviction. The court also sentenced Jones to twelve-months incarceration for the tampering with evidence conviction. The court ordered Jones to serve all sentences consecutively for a total aggregate sentence of fifteen years.

{¶9}     Jones appeals and raises the following assignments of error: I. "The verdict and conviction is against the manifest weight of the evidence presented at trial because the Plaintiff-Appellee failed to prove the Defendant-Appellant had possession of the illegal substances." II. "The trial court abused its discretion and erred to the prejudice of Defendant-Appellant by allowing prejudicial testimony in violation of Evid.R. 403(A)." III. "The trial court committed plain error when it failed to properly charge the jury on the weight to be given to the testimony of the Co-Defendant."

II.

{¶10}     Jones first contends that his drug convictions are against the manifest weight of the evidence. Specifically, Jones contends that, other than the co-defendant's testimony, no evidence showed that he possessed the drugs. And the co-defendant was not a credible witness.

{¶11}     "To be guilty of trafficking under R.C. 2925.03(A)(2), the offender must knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, knowing, or having reason to know, that the substance is intended for sale. In order to ship a controlled substance, deliver it, distribute it, or prepare it for shipping, etc., the offender must 'hav[e] control over' it.

R.C. 2925.01(K) (defining 'possession')." *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, at ¶30.

**{¶12}** Although Jones focuses on the "possession" element, the trial court merged both possession offenses into the two trafficking offenses. Thus, based on the above analysis in *Cabrales*, we will focus on the "control" element of the two trafficking offenses. That is, the State had to prove beyond a reasonable doubt that Jones had control over the crack cocaine and heroin.

**{¶13}** When determining whether a criminal conviction is against the manifest weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Eskridge* (1988), 38 Ohio St.3d 56, at paragraph two of the syllabus. See, also, *State v. Smith*, Pickaway App. No. 06CA7, 2007-Ohio-502, at ¶41. We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." *Smith* at ¶41, citing *State v. Garrow* (1995), 103 Ohio App.3d 368, 370-371; *State v. Martin* (1983), 20 Ohio App.3d 172, 175. But, "[o]n the trial of a case, * * * the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus.

**{¶14}** Jones contends that "[t]here was no testimony, other than that of the Co-Defendant, that the Defendant-Appellant was conscious of the presence of the

object or that the Defendant-Appellant was in the vicinity of the contraband." Jones's Brief at 7. In other words, Jones contends that the jury could not have credited Runyon's testimony that Jones possessed (controlled) the drugs at issue.[1] Aside from pointing to Runyon's status as a co-defendant, Jones provides no particular explanation for why Runyon's testimony was not creditable.

**{¶15}** Having reviewed the transcript, we do not find that this is an exceptional case where the jury's crediting of Runyon's testimony resulted in a manifest miscarriage of justice. See, e.g., *State v. Lanier*, Mahoning App. No. 09 MA 97, 2010-Ohio-6382, at ¶73-97 (rejecting a manifest weight challenge to a co-defendant's testimony both on the basis of motive and alleged inconsistencies); *State v. Ambartsoumov*, Franklin App. No. 09AP-1054, 2010-Ohio-6293, at ¶78-87 (rejecting a manifest weight challenge to a co-defendant's testimony on the basis of alleged inconsistencies); *State v. Cooper*, Cuyahoga App. No. 92911, 2010-Ohio-4106, at ¶15-19 (same as *Lanier*); *State v. Pettway*, Cuyahoga App. No. 91716, 2009-Ohio-4544, at ¶62 ("The jury weighed [the witness's] credibility and it, as the fact finder, was free to believe all, none, or some of what he said during trial, regardless of his status as a codefendant or any inconsistencies between his statement to the police and what he testified to at trial."). In short, Jones merely points to Runyon's potential motive to lie. The record does indicate that Runyon initially gave an inconsistent account to the police. The jury, however, was made aware of the issue and was free to believe all, none, or some of what Runyon said during trial. See id. at ¶62. In addition, the recording of Jones and Runyon's

---

[1] We note that Jones concludes his argument section with a statement that his "conviction should be reversed and the case dismissed based upon the insufficiency of the evidence." However, Jones's assignment of error only implicates manifest weight review, and Jones concedes that there was testimony at trial that established his possession (control) of the heroin and crack cocaine. Accordingly, we do not review Jones's conviction for the sufficiency of the evidence.

conversation in the back of the police vehicle tended to indicate that Jones had physical possession (control) of the drugs at issue.  Thus, there was evidence in the record that corroborated co-defendant Runyon's trial testimony.

**{¶16}**     In conclusion, we find that there is substantial evidence in the record upon which the trier of fact could reasonably conclude that all the elements of the offenses of trafficking in crack cocaine and trafficking in heroin have been proven beyond a reasonable doubt.

**{¶17}**     Accordingly, we overrule Jones's first assignment of error.

III.

**{¶18}**     In his second assignment of error, Jones contends that the trial court erred when it admitted the testimony of Detective Todd Bryant.

**{¶19}**     "'[T]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court.'"  *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, at ¶79, quoting *State v. Sage* (1987), 31 Ohio St.3d 173, paragraph two of the syllabus.  "[T]he term 'abuse of discretion' connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably."  *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 271, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶20}**     Here, Jones contends that that the admission of Detective Bryant's testimony violated Evid.R. 403(A).  This provision prohibits the admission of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."  Evid.R. 403(A).  Bryant's testimony concerned the nature of the drug trade.  Bryant testified as to how addicts typically

smoke crack cocaine, the typical quantities that users purchased of crack cocaine and heroin, the street value of both heroin and crack cocaine, and finally some of the slang words associated with the drug trade.

**{¶21}** Jones contends that this testimony "was highly prejudicial and did not serve any other purpose than to inflame the Jury and prejudice the Jury towards the Defendant." We disagree. Among other crimes, the State was prosecuting Jones for trafficking in heroin and crack cocaine in violation of R.C. 2925.03(A)(2). Among other elements, this statute requires the State to prove that Jones knew or had reasonable cause to believe "that the controlled substance is intended for sale or resale by the offender or another person." R.C. 2925.03(A)(2).

**{¶22}** Bryant's testimony tended to indicate that the quantities that Jones possessed, more than ten grams, were greater than the quantity of either crack cocaine or heroin that a user might carry for personal use. This allowed the jury to make the reasonable inference that Jones intended to sell the heroin and crack cocaine to another person. Bryant's other testimony, relating to how users would ingest either crack cocaine or heroin, indicated that Jones's possession may have been inconsistent with personal use.

**{¶23}** Several times in his brief, Jones contends that the testimony of Bryant was unfairly prejudicial. But Jones provides no basis for considering this evidence "unfairly prejudicial." "Unfairly prejudicial evidence 'is that quality of evidence which might result in an improper basis for a jury decision. Consequently, if the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial. Usually, although not

always, unfairly prejudicial evidence appeals to the jury's emotions rather than intellect.'" *State v. Boyd*, Athens App. No. 09CA14, 2010-Ohio-1605, at ¶28, quoting *Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172, 2001-Ohio-248 (other citation omitted).  Jones provides no explanation for why this evidence might result in an improper basis for a jury decision, and no such explanation is apparent from the record. We cannot say that the trial court abused its discretion in admitting this evidence.

{¶24}    Accordingly, we overrule Jones's second assignment of error.

IV.

{¶25}    In his third assignment of error, Jones contends that the trial court committed plain error when it failed to specifically charge the jury regarding the weight to be given to the testimony of a co-defendant.

{¶26}    "Generally, a trial court has broad discretion in deciding how to fashion jury instructions.  A trial court must not, however, fail to 'fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder.' *State v. Comen* (1990), 50 Ohio St.3d 206, [at] paragraph two of the syllabus.  Additionally, a trial court may not omit a requested instruction, if such instruction is 'a correct, pertinent statement of the law and [is] appropriate to the facts * * *.' *State v. Lessin*[,] 67 Ohio St.3d 487, 493, [1993-Ohio-52] (quoting *State v. Nelson* (1973), 36 Ohio St.2d 79, [at] paragraph one of the syllabus)." *Smith v. Redecker*, Athens App. No. 08CA33, 2010-Ohio-505, at ¶51.

{¶27}    The court in this case gave a fairly standard instruction on how the jury ought to consider the credibility of the witnesses.  Jones does not contend that this instruction was wrong; rather he contends that it was insufficient.  Jones contends that

the trial court was obliged to give a specific instruction regarding the weight of a co-defendant or accomplice's testimony because of the importance of Runyon's testimony to the State's case.

**{¶28}** Jones made no request for this instruction before the trial court. Accordingly, Jones bears the heavy burden of demonstrating that the trial court committed plain error. See *State v. Judy*, Ross App. No. 08CA3013, 2008-Ohio-5551, at ¶30, citing *State v. Wamsley*, 117 Ohio St.3d 388, 2008-Ohio-1195, at ¶1. "Inherent in the [plain-error] rule are three limits placed on reviewing courts for correcting plain error." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶15. "'First, there must be an error, *i.e.*, a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.'" Id. at ¶16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68 (omissions in original). We will notice plain error "only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, at paragraph three of syllabus. And "[r]eversal is warranted only if the outcome of the trial clearly would have been different absent the error." *State v. Hill*, 92 Ohio St.3d 191, 203, 2001-Ohio-141, citing *Long* at paragraph two of the syllabus.

**{¶29}** Notwithstanding Jones's heavy burden to show plain error, his brief fails to identify what the proposed instruction would be. Presumably, Jones refers to an instruction like the following: "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted

or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution." R.C. 2923.03(D). It is not at all clear that this statute actually applies in the present case because it is unclear whether Runyon was indicted as an accomplice. See *State v. Wickline* (1990), 50 Ohio St.3d 114, 118 ("Certainly, a person who *is guilty* of complicity must first be *found* guilty of complicity by either a judge or a jury. Obviously, the first step in finding a person guilty of an offense is by indicting that person. So, at the very least, an 'accomplice' must be a person indicted for the crime of complicity."); but, see, *State v. Church* (Apr. 30, 1999), Clark App. No. 98 CA 36 (finding that the evidence in the record did not support a finding that a witness was an accomplice and therefore the trial court correctly refused to give the instruction); *State v. Schlupe* (Apr. 10, 1991), Summit App. No. 14645 (finding that evidence in the record indicated that two witnesses were accomplices and the instruction should have been given); *State v. Williams* (July 27, 1988), Hamilton App. No. C-870384 ("[I]t was incumbent upon the court to instruct the jury in compliance with R.C. 2923.03(D) if, upon the evidence adduced at trial, reasonable minds could have concluded that [the witness] was an accomplice as defined under R.C. 2923.03(A)."). However, even if we presume the statute applies, Jones nonetheless fails to show plain error.

**{¶30}** "'Ohio courts generally look to three factors to determine whether a trial court's failure to give the accomplice instruction constitutes plain error: (1) whether the accomplice's testimony was corroborated by other evidence introduced at trial; (2) whether the jury was aware from the accomplice's testimony that he benefited from agreeing to testify against the defendant; and/or (3) whether the jury was instructed

generally regarding its duty to evaluate the credibility of the witnesses and its province to determine what testimony is worthy of belief.'" *State v. Bentley*, Portage App. No. 2004-P-0053, 2005-Ohio-4648, at ¶58, quoting *State v. Woodson*, Franklin App. No. 03AP-736, 2004-Ohio-5713, at ¶18.

**{¶31}** Here, we have little difficulty in finding that any error on the part of the trial court was not plain error. First, the recording of Jones and Runyon's conversation in the back of the trooper's vehicle corroborated Runyon's account. The general tenor of the conversation indicated that Jones had physical possession (control) of the crack cocaine and heroin, at least at that time. Second, the jury was made aware of Runyon's plea agreement for possession of heroin and crack cocaine. Trial Transcript at 119. Third, the trial court instructed the jury on its duty to determine the credibility of the witnesses. Id. at 178. Under these circumstances, we find that Jones has failed to carry his burden to demonstrate that the trial court committed plain error.

**{¶32}** Accordingly, we overrule Jones's third assignment of error.

V.

**{¶33}** Having overruled all of Jones's assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


Abele, J.:  Concurs in Judgment and Opinion.
Harsha, P.J.:  Concurs in Judgment Only.


For the Court


BY:_____
     Roger L. Kline, Judge