[Cite as *Haynal v. Nordonia Hills City School Dist. Bd. of Edn.*, 2011-Ohio-3191.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

TINA HAYNAL

    Appellant

    v.

NORDONIA HILLS CITY SCHOOL
DISTRICT, BOARD OF EDUCATION,
et al.

    Appellees

C.A. No.    25242

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2007-08-5576

DECISION AND JOURNAL ENTRY

Dated: June 29, 2011

BELFANCE, Presiding Judge.

{¶1} Appellant, Tina Haynal, appeals from the judgment of the Summit County Court of Common Pleas. For reasons that follow, this Court reverses.

I.

{¶2} Ms. Haynal worked as a school bus driver for the Nordonia Hills City School District Board of Education. In 1998, the school district terminated her and she brought suit for retaliatory discharge in violation of R.C. 4112.02. Ms. Haynal alleged that the school district had terminated her for refusing to park her bus where it would have blocked a handicap sidewalk cutout. A jury rendered a verdict in Ms. Haynal's favor and the school district appealed. This Court reversed and remanded for a new trial, but the parties settled while the matter was pending on remand. The journalized stipulation of dismissal in that case indicates that the terms of the settlement required the school district to pay Ms. Haynal an undisclosed sum.

{¶3}    Ms. Haynal also followed grievance procedures with her union and was reinstated to her position in 2000, while the 1998 case was still pending.

{¶4}    The school district terminated Ms. Haynal again in 2005. Ms. Haynal then commenced the case now before this Court, again alleging retaliatory discharge in violation of R.C. 4112.02. Ms. Haynal essentially alleged that the school district terminated her in 2005 in retaliation for the prior litigation. She argued that certain individuals within the school district resented the prior litigation and the settlement she obtained. Further, she asserted that those individuals purposefully set out to construct a documented disciplinary record that could serve as a basis for termination, not because she was an unfit bus driver, but because they intended to retaliate against her for the 1998 litigation.

{¶5}    The matter was tried to a jury, which found in favor of the school district. Ms. Haynal appeals from that judgment, presenting one assignment of error for our review.

II.

"THE TRIAL COURT REVERSIBLY ERRED COMMITTING BOTH PREJUDICIAL AND PLAIN ERROR WHEN IT REFUSED TO PERMIT THE PLAINTIFF-APPELLANT TO PROVE AN ESSENTIAL ELEMENT OF HER OHIO R.C. 4112.02(I) RETALIATION CASE, TO WIT[,] THE FULL EXTENT TO WHICH SHE HAD ENGAGED IN PROTECTED ACTIVITY WHEN SHE WAS TERMINATED, THEN SUED AND ULTIMATELY PREVAILED AGAINST APPELLEE IN PRIOR CIVIL RIGHTS LITIGATION INCLUDING THE CIRCUMSTANCES SURROUNDING THAT EVENT WHICH WERE THE BASIS FOR THE APPELLEE-DEFENDANT'S MOTIVATION FOR TERMINATING HER EMPLOYMENT A SECOND TIME AFTER SHE WAS REINSTATED TO HER EMPLOYMENT OVER APPELLEE'S OBJECTION."

{¶6}    Ms. Haynal asserts that the trial court committed reversible error when it excluded all evidence of the outcome of the 1998 litigation. We agree.

{¶7}    Prior to trial, the school district moved, in limine, to exclude evidence of the outcome of the 1998 litigation. The trial court granted the motion, except that it permitted the

parties to say that the 1998 litigation was "'concluded[,]'" "'resolved[,]'" or that it was "'no longer pending[.]'" The court explicitly stated that the parties were not allowed to mention the previous jury verdict or that the parties had eventually settled the case. The court also did not permit Ms. Haynal to introduce the jury verdict and the dismissal entry as exhibits at trial.

### Preservation of Issue

{¶8}   Before we are able to reach the merits of Ms. Haynal's assignment of error, however, we must determine whether this issue has been preserved for review on appeal.

{¶9}   In its pretrial motion, the school district asserted that the evidence of the outcome of the prior litigation was inadmissible under Evid.R. 403(A), 404(B), and 408. The court granted the motion in a pretrial order. The court's ruling on the motion in limine was preliminary because such a determination is based on the context in which the evidence is introduced at trial; the court's ruling could change if, when the evidence is actually introduced, it is more probative or less prejudicial than the court had anticipated. See *Gable v. Village of Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, ¶35. Consequently, the ruling on the motion in limine was not final. Id. Ms. Haynal was therefore required to preserve the issue by raising it again at trial. See id.

{¶10}  Proffer is the appropriate method of preserving an objection to the exclusion of evidence. See Evid.R. 103(A)(2). When the court preliminarily excludes evidence, the party "who has been temporarily restricted from introducing evidence by virtue of a motion in limine [must] seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection[.]" *State v. Grubb*, 28 Ohio St.3d 199, paragraph two of the syllabus. See Evid.R. 103(A)(2). Ms. Haynal now requests that this Court review the exclusion of both exhibits and testimony. At trial, Ms.

Haynal proffered the exhibits, but not the testimony. We conclude that Ms. Haynal has properly preserved her objection to the exclusion of the exhibits and we will examine whether that ruling constituted reversible error.

Exclusion of Exhibits

**{¶11}** Evid.R. 403(A) states that relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Thus, evidence is not admissible under Evid.R. 403(A) only if it presents a danger of unfair prejudice that substantially outweighs its probative value.

**{¶12}** It appears that the trial court applied an incorrect evidentiary standard to the evidence at issue in this appeal. In its order granting the motion in limine and its later ruling at the time of the proffer, the court did not reference Evid.R. 403(A). The court stated during the proffer that the "probative value by the document was outweighed by the potential prejudicial impact." This, however, is not the relevant standard and the court did not indicate that it had confined its analysis to only prejudice that was *unfair* or that it found that such prejudice *substantially* outweighed the probative value, as the rule requires. Evid.R. 403(A).

**{¶13}** Generally, a trial court is afforded broad discretion in ruling on the admissibility of evidence. *Schmidt v. B.E.S. of Ohio, Inc.*, 9th Dist. No. 23193, 2007-Ohio-1822, ¶6. However, the exercise of the court's discretion must be premised upon the trial court's application of the correct evidentiary standard. Admissibility under Evid.R. 403(A) turns on the balance of the evidence's probative value as compared to the danger of unfair prejudice that it presents. Generally, the "probative value [of evidence] must be minimal and the prejudice great before the evidence may be excluded[ under Evid.R. 403.]" *State v. Morales* (1987), 32 Ohio St.3d 252, 258; see, also, *Koss v. Kroger Co.,* 10th Dist. No. 07-AP-450, 2008-Ohio-2696, ¶36

(applying this guideline in a civil context); *Doe v. Clyde-Green Springs Exempted Village Schools* (1997), 6th Dist. No. S-96-019, *3 (same).

{¶14} In this case, the excluded exhibits were probative evidence of the school district's motive for retaliation. Ms. Haynal's case is based on her assertion that the prior litigation so angered certain decision makers within the school district that they put substantial time and effort into ensuring her eventual termination. She intended to show that she was terminated because she had instituted and pursued protracted litigation against the school district, won a jury verdict, and later obtained a settlement that required the school district to pay her an award. The trial court did discuss the extent to which the prior jury verdict and the settlement, demonstrated in the excluded exhibits, was probative of the school district's motive. In light of the trial court's analysis, on appeal, this Court is unable to determine whether the court properly evaluated the probative value of the evidence, as the rule requires. See, e.g., *Buckley v. Mukasey* (C.A.4 2008), 538 F.3d 306, 318-319 (considering whether court understood purpose for which evidence of prior litigation was admitted and therefore properly weighed it in applying Fed.R.Evid. 403).

{¶15} Evid.R. 403(A) also requires the court to balance the probative value of evidence against the danger of unfair prejudice that it presents. The trial court, however, did not indicate that it was considering only prejudice that would be unfair, rather it considered only the "potential prejudicial impact[]" of the evidence.

> "Exclusion on the basis of unfair prejudice involves more than a balance of mere prejudice. If unfair prejudice simply meant prejudice, anything adverse to a litigant's case would be excludable under Rule 403. Emphasis must be placed on the word 'unfair.' Unfair prejudice is that quality of evidence [that] might result in an improper basis for a jury decision." (Internal quotations and citation omitted.) *Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172, 2001-Ohio-248.

{¶16} "Usually, although not always, unfairly prejudicial evidence appeals to the jury's emotions rather than intellect." (Internal quotations and citation omitted.) Id. While evidence that is probative of the school district's motive is certainly prejudicial to the school district, it is not unfairly so unless the evidence tends to lead to an improper basis for a jury decision. The trial court did not indicate what, if any, improper influence the excluded exhibits might have on the jury, or whether a limiting instruction could adequately mitigate any unfair prejudice.

{¶17} Additionally, Evid.R. 403(A) does not exclude relevant evidence merely because it presents a danger of unfair prejudice, or even because that danger merely outweighs the probative value. Rather, the extent to which the danger of unfair prejudice outweighs the probative value must be substantial. Evid.R. 403(A). The trial court, while it found that the prejudicial impact of the evidence outweighed its probative value, never concluded that the danger of *unfair* prejudice *substantially* outweighed the probative value. See id. We conclude that the court did not properly apply the rule.

Prejudice

{¶18} Though the trial court misapplied Evid.R. 403(A) and improperly excluded the exhibits, this Court must also consider whether Ms. Haynal was prejudiced by the court's ruling. Evid.R. 103(A) states that "[e]rror may not be predicated upon a ruling [that excludes] evidence unless a substantial right of the party is affected[.]" To find that reversal is not warranted, an appellate court must conclude that "if those errors had not occurred, the jury or other trier of the facts would probably have made the same decision." (Internal quotations and citation omitted.) *Cappara v. Schibley* (1999), 85 Ohio St.3d 403, 408.

{¶19} In this case, the court prohibited the plaintiff from presenting evidence that was central to proving an essential element of her claim. Ms. Haynal was unable to present what

would arguably have been her most compelling evidence on the only disputed element of her claim. We cannot conclude that, if presented with the excluded evidence, the jury would have made the same decision. See *Buckley*, 538 F.3d at 320 (holding that exclusion of evidence of prior litigation "affected [the plaintiff's] substantial rights by rendering her unable to cogently demonstrate * * * retaliatory animus.")

{¶20} The school district has argued that the exhibits were also inadmissible under Evid.R. 404(B) and 408, suggesting that any error by the trial court was consequently harmless. The school district has not developed a harmless error analysis in favor of this contention and we will not construct one. See App.R. 16(A)(7). The trial court did not, moreover, indicate that it would have excluded the evidence based on Evid.R. 404(B) and 408. This Court will not consider challenges to the admissibility of evidence for the first time on appeal. See *Gable* at ¶42; Evid.R. 104(A).

{¶21} We conclude that Ms. Haynal was materially prejudiced when the court excluded the exhibits.

## Excluded Testimony

{¶22} This Court may review an alleged error that has not been properly preserved under a plain error standard. This would be the standard applicable to the testimony that Ms. Haynal did not proffer at trial. See Evid.R. 103(D). However, because we reverse based on our analysis of issues that were preserved, we need not consider whether the court committed plain error in excluding testimony about the 1998 litigation.

III.

**{¶23}** Because the court erred in excluding the exhibits and such error was not harmless, we sustain Ms. Haynal's assignment of error and reverse the judgment of the Summit County Court of Common Pleas.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

EVE V. BELFANCE
FOR THE COURT

MOORE, J.
CONCURS

CARR, J.
<u>CONCURS IN PART, AND DISSENTS IN PART, SAYING:</u>

{¶24} Although I agree with the majority's conclusion that the trial court applied an incorrect evidentiary standard below, I would conclude the analysis there and remand the matter to the trial court to apply the correct standard.

<u>APPEARANCES:</u>

MICHAEL TERRENCE CONWAY, Attorney at Law, for Appellant.

JOHN T. MCLANDRICH, TODD M. RASKIN, and FRANK H. SCIALDONE, Attorneys at Law, for Appellees.