[Cite as *Jones v. Jones*, 2011-Ohio-4393.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| LYLE R. JONES | | C.A. No.  25468 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEPHANIE M. JONES | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.  2010-05-1541 |

DECISION AND JOURNAL ENTRY

Dated: August 31, 2011

CARR, Judge.

{¶1}    Appellant, Lyle Jones ("Husband"), appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which dismissed his petition for a domestic violence civil protection order against appellee, Stephanie Jones ("Wife"). This Court affirms.

I.

{¶2}    On May 25, 2010, Husband filed a petition for a domestic violence civil protection order against Wife wherein he alleged that Wife twisted keys he was holding in his hand, resulting in pain and causing him to release the keys. Husband further alleged that Wife, a black belt in karate, threatened to kill him and told him that she knew people who could kill him. The domestic relations court issued an ex parte domestic violence civil protection order the same day and scheduled a full hearing on the petition for June 3, 2010. The hearing was subsequently continued until June 14, 2010.

**{¶3}** Husband filed a request for an in camera interview of the parties' then-eleven-year-old daughter. There is no further record, however, of Husband's intention to present that child as a witness. At the conclusion of Husband's case in chief, he sought to proffer the testimony of his nine-year old and seven-year old sons based on discussions which were held off the record. Husband's attorney made a statement indicating that the trial court had permitted the children to testify off the record. The trial court refused to allow the children to testify on the record based on its review of a recording of the alleged domestic violence incident and its conclusion that the matter did not involve the children. Husband then proffered the children's testimony. The trial court reiterated its refusal to allow the children to testify.

**{¶4}** At the conclusion of the hearing, the trial court took the matter under advisement. On June 18, 2010, the court issued a judgment entry in which it dismissed Husband's petition for a domestic violence civil protection order and vacated the prior ex parte domestic violence civil protection order. Husband filed a timely appeal in which he raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD AN IN CAMERA INTERVIEW/VOIR DIRE THE WITNESSES UNDER 10 YEARS OF AGE TO DETERMINE IF THEY WERE CAPABLE OF RECEIVING JUST IMPRESSIONS OF THE FACTS AND TRANSACTIONS RESPECTING WHICH THEY WERE TO BE EXAMINED OR OF RELATING THEM TRULY, ALL PER EVIDENCE RULE 601."

**{¶5}** Husband argues that the trial court erred by failing to conduct a voir dire examination of the parties' nine- and seven-year old children to determine whether they were competent to testify as witnesses in their parents' case involving the issuance of a domestic violence civil protection order. This Court disagrees.

**{¶6}** Evid.R. 601 states in relevant part: "Every person is competent to be a witness except *** children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." Evid.R. 601(A). The trial court has a duty to conduct a voir dire examination of any child under the age of ten to determine the child's competency before allowing the child to testify. *State v. Frazier* (1991), 61 Ohio St.3d 247, 250-51. The trial court's decision to allow any witness, child or not, to testify, however, is not dependent solely on the competence of the witness. A trial court may refuse to allow any witness to testify as to matters not properly admissible pursuant to the Ohio Rules of Evidence.

**{¶7}** The decision to admit or exclude evidence lies in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 180. Absent an issue of law, this Court, therefore, reviews the trial court's decision regarding evidentiary matters under an abuse of discretion standard of review. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.

**{¶8}** Evid.R. 402 limits the admission of evidence to relevant evidence. Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

{¶9}   The facts underlying this case are as follows.  Husband suspected that Wife was having an affair, so he hired a private investigator and had a recording device installed in the parties' home.  After Wife returned from a trip during which she met her paramour, Husband took Wife's underwear while she was sleeping, bagged it, and transported it to his law office with the intention of having it tested for the presence of semen.  In the morning, Husband continued to question Wife regarding her infidelity and informed her that he had taken her underwear.  Wife learned that Husband had a small recording device on his person and she tried to retrieve it.  Failing that, Wife took Husband's phone, wallet, and keys from the bedroom and offered them to Husband in exchange for the recorder and her underwear.  A struggle ensued between Husband and Wife over those items.  Some of the couple's five children witnessed the altercation.

{¶10}  Husband soon left the home but returned twice, once to finish getting dressed, and once to retrieve the hard drive in a hidden computer in the basement which was connected to a recording device he had had installed in the kitchen while Wife was out of town.  Later that day, Husband filed a petition for a domestic violence civil protection order and received an ex parte order.  In the petition, he sought relief for himself and the couple's five children.  He premised his request on allegations that (1) Wife threatened to kill him or have him killed, and (2) Wife hurt his wrist when she twisted the keys he was holding during their altercation.  At the full hearing, however, Husband conceded that the children were not in need of protection.  He further asserted that he was no longer premising his petition on fear of any imminent threat of harm, but rather only on an assault resulting in physical harm to his wrist.  During his case in chief, Husband presented an audio recording of the alleged domestic violence incident.  The recording was not admitted as an exhibit but a partial transcript of the recording was.

**{¶11}** On the issue of the children's testimony, Husband's counsel stated the following: "At this time I would like to proffer. We had discussed before what the children might have offered and you permitted them to testify and it was off the record and we wanted to get that - -" The trial court responded that it had listened to the recording of the incident and that it "doesn't involve the children." The trial court then refused to allow the children to testify but allowed Husband to proffer their testimony on the record. The proffered evidence was that the nine-year old would confirm that an altercation took place between Husband and Wife. The seven-year old would testify that he saw "mommy tackling daddy." After hearing the proffered testimony, the trial court again found that there was no reason to bring the children in to testify.

**{¶12}** Both Husband and Wife testified that they struggled over the possession of certain items. Husband testified that his wrist was injured during the altercation, and Wife testified that she received some bruises and scratches during the incident. The proffered testimony of the children would not have made the existence of any fact of consequence, i.e., that Husband and Wife were engaged in a physical altercation and that Husband may have sustained an injury, any more probable than if the children did not testify. Wife did not dispute that she and Husband engaged in a scuffle or that she wrestled with Husband over keys in his hand. Moreover, Husband conceded that the children were not in any danger with Wife and that he was withdrawing them as persons in need of protection by the issuance of a civil protection order. Accordingly, the testimony of both children failed to address any fact in issue and was not relevant to the determination of the issuance of a domestic violence civil protection order. Because the trial court properly declined to admit the children's testimony pursuant to the Ohio Rules of Evidence, it was not obligated to conduct a voir dire examination of the children to determine whether they were competent to testify. Husband's assignment of error is overruled.

## III.

{¶13} Husband's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶14} I concur in the majority's judgment. Husband appears to assert that the trial court erred when it failed to hold an in camera hearing to determine if the children were competent to testify. However, there is no evidence in the record that Husband ever requested that the trial court hold such a hearing. Moreover, the record reflects that there was some interaction by the court with the children off the record. Thus, it is unclear whether the trial court's interaction with the children served to inform the court of the children's competency. Further, there is nothing in the record to suggest that the trial court actually determined the children were incompetent to testify solely based upon their age. Rather, the record indicates that the trial court had reasons other than competency to exclude the testimony. Thus, I cannot say the trial court erred.

{¶15} Nonetheless, even assuming the trial court somehow erred, Husband has provided no argument explaining how the omission of the children's testimony prejudiced him. See Evid.R. 103(A) (stating that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected[.]"). Accordingly, Husband's assignment of error is properly overruled.

APPEARANCES:

LYLE R. JONES, pro se, Appellant.

STEPHANIE M. JONES, pro se, Appellee.