[Cite as *Chambers v. Lee*, 2014-Ohio-4651.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

RASHANDA CHAMBERS, et al.

    Appellees

    v.

JESSICA L. LEE, et al.

    Appellant

C.A. No.    27239

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    12 CVE 04202

DECISION AND JOURNAL ENTRY

Dated: October 22, 2014

HENSAL, Judge.

{¶1}    Appellant, Jessica L. Lee, appeals orders from the Akron Municipal Court that limited the questioning of Appellees' medical expert. This Court affirms.

I.

{¶2}    Appellees, Rashanda Chambers and Dominic Woods, sued Ms. Lee for injuries they sustained in a car accident.[1] Appellees received chiropractic treatment for their injuries from Dr. Minas Floros at Akron Square Chiropractic. After Ms. Chambers, Mr. Woods, and Dr. Floros were deposed, the Appellees filed a motion in limine to exclude any testimony or evidence concerning the fact that the Appellees were solicited by chiropractors and attorneys after the accident. Ms. Lee opposed the motion arguing that such evidence was necessary to expose bias and a pecuniary interest between the Appellees, their attorney, and Dr. Floros. Ms. Lee also filed a separate motion to strike Dr. Floros's testimony on the basis that it was

---

[1] The suit was brought on behalf of Mr. Woods by his parent and natural guardian, Carla Brown.

unresponsive and contained inappropriate references to nonrelevant matters. Appellees opposed Ms. Lee's motion and moved to strike her cross-examination of Dr. Floros arguing that it elicited irrelevant testimony that was designed to annoy, harass, and oppress him.

{¶3} On September 18, 2012, the trial court issued an order granting in part and denying in part each of the motions. It found that testimony concerning Akron Square Chiropractic's general marketing practices and referrals to legal counsel was unduly prejudicial, could mislead the jury, and that the danger of unfair prejudice outweighed the probative value of the evidence. The trial court did, however, permit testimony about how Akron Square Chiropractic contacted Appellees, their arrangement with Appellees for payment of the services rendered, and how Appellees were referred to legal counsel. The trial court also struck Ms. Lee's cross-examination of Dr. Floros at deposition and ordered her to cross-examine Dr. Floros again in accordance with its order.

{¶4} After Dr. Floros's second deposition was filed in the record, the trial court sua sponte issued a journal entry on January 23, 2013, ordering redactions of his testimony in accordance with its September 18, 2012, order. It held that the redactions were necessary so that the jury would be neither mislead nor confused as to the issues. Prior to the start of trial, Ms. Lee proffered the disputed testimony and requested that the court reconsider its prior order prohibiting the evidence. The court denied Ms. Lee's motion. The matter proceeded to trial wherein Dr. Floros's redacted video depositions were played to the jury. The jury returned a verdict for the Appellees. Ms. Lee appeals the trial court's orders of September 18, 2012, and January 23, 2013, raising one assignment of error.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN PRECLUDING TESTIMONY OF MINAS FLOROS, D.C. CONCERNING THE MARKETING PRACTICES OF AKRON SQUARE CHIROPRACTIC AND THE SYMBIOTIC RELATIONSHIP BETWEEN AKRON SQUARE CHIROPRACTIC AND PLAINTIFFS' COUNSEL * * *.

{¶5} Ms. Lee argues in her sole assignment of error that the trial court abused its discretion by prohibiting Dr. Floros from testifying about Akron Square Chiropractic's marketing practices and its referrals to the law firm that represented the Appellees. She maintains that this testimony was necessary to establish that Dr. Floros was biased and had a pecuniary interest in the outcome of the litigation. We disagree.

{¶6} The trial court precluded Dr. Floros's testimony pursuant to Evidence Rule 403(A), which states that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." "[T]he trial court is vested with broad discretion and an appellate court should not interfere absent a clear abuse of that discretion." *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 40, quoting *State v. Allen*, 73 Ohio St.3d 626, 633 (1995). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "But the exclusion of relevant evidence under Evid.R. 403(A) is even more of a judgment call than determining whether the evidence has logical relevance in the first place." *Yarbrough* at ¶ 40. An appellate court may not substitute its judgment for that of the trial court when applying the abuse-of-discretion standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶7} Evidence Rule 611(B) permits cross-examination on all matters that are relevant and that affect credibility. Further, "[b]ias, prejudice, interest, or any motive to misrepresent

may be shown to impeach the witness either by examination of the witness or by extrinsic evidence." Evid.R. 616(A). "Thus, Evid.R. 611 and 616, by specifically mentioning credibility, bias, and prejudice as appropriate subjects of cross-examination, are a testament to the inherent probative value of such evidence. Evid.R. 403 seeks to eliminate the potential for prejudice of certain evidence by prohibiting its use in certain circumstances." *Oberlin v. Akron Gen. Med. Ctr.,* 91 Ohio St.3d 169, 171 (2001).

{¶8} "Admissibility under Evid.R. 403(A) turns on the balance of the evidence's probative value as compared to the danger of unfair prejudice that it presents." *Haynal v. Nordonia Hills City School Dist. Bd. of Edn.*, 9th Dist. Summit No. 25242, 2011-Ohio-3191, ¶ 13. "[T]he 'probative value [of evidence] must be minimal and the prejudice great before the evidence may be excluded [under Evid.R. 403].'" *Id.*, quoting *State v. Morales*, 32 Ohio St.3d 252, 258 (1987).

> Exclusion on the basis of unfair prejudice involves more than a balance of mere prejudice. If unfair prejudice simply meant prejudice, anything adverse to a litigant's case would be excludable under Rule 403. Emphasis must be placed on the word "unfair." Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision. Consequently, if the evidence arouses the jury's emotion sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial. Usually, although not always, unfairly prejudicial evidence appeals to the jury's emotions rather than intellect.

*Oberlin* at 172, quoting Weissenberger, *Ohio Evidence*, Section 403.3, 85-87 (2000).

{¶9} The trial court in its September 18, 2012, order limiting Dr. Floros's testimony on the general marketing and referral efforts of Akron Square Chiropractic concluded that such evidence failed to establish either bias or a pecuniary interest in the litigation. The Ohio Supreme Court has held that certain evidence concerning an expert's potential bias or prejudice is probative and admissible. In *Ede v. Atrium S. OB-GYN, Inc.*, 71 Ohio St.3d 124 (1994), the Supreme Court held that "evidence of a commonality of insurance interests between a defendant

and an expert witness is sufficiently probative of the expert's bias as to clearly outweigh any potential prejudice evidence of insurance might cause." *Id.* at the syllabus. In *Oberlin*, the Supreme Court held that evidence an expert witness is the subject of a pending malpractice action involving a similar error is probative to prove bias and prejudice. *Oberlin* at the syllabus.

{¶10} Appellants cite to several decisions from our sister districts that allowed the admission of evidence concerning potential witness bias or self-interest. In *House v. Swann*, 6th Dist. Lucas No. L-09-1232, 2010-Ohio-4704, the appellate court affirmed the trial court's decision to allow the defendant to cross-examine the plaintiff's medical expert on several matters affecting his credibility and pecuniary interest in the litigation, including evidence that he participated in a website designed to generate medical malpractice referrals for himself and his attorney-son. *Id.* at ¶ 30-31. In *Susanu v. Cliche*, 143 Ohio App.3d 776 (8th Dist.2001), the appellate court affirmed the trial court's decision to deny a motion in limine filed by the plaintiffs that sought to preclude the defendant from asking their medical expert in a personal injury case how the plaintiffs in that case were referred to his office. *Id.* at 780. Similarly to this case, the defendant in *Susanu* sought to show an interdependent relationship between the treating physician and plaintiffs' counsel that suggested a medical bias which resulted in over-treatment and inflated damages. Also similar to this case, the Eighth District noted that several appeals to their court involved the same scenario in *Susanu* wherein attorneys for the accident victims referred their clients to the same medical office. The court concluded that inquiry into the relationship between the medical expert and plaintiffs' counsel was a valid basis for impeachment as it pertained to the treating physician's pecuniary interest in prolonging treatment resulting in inflated damages. *Id.*

{¶11} Even if Ms. Lee is correct that the excluded testimony suggested that Dr. Floros was biased or had a pecuniary interest in the outcome of the case, the crucial question is whether the evidence of bias is unfairly prejudicial. *Oberlin*, 91 Ohio St.3d at 173. The trial court found that the challenged evidence was unfairly prejudicial to the Appellees as it would tend to mislead the jury. Ms. Lee argues that, because Dr. Floros's testimony was vital to the Appellees' case in establishing their claim for damages, it was not unfairly prejudicial to them to question his credibility and financial interest in the outcome of the litigation.

{¶12} We have reviewed Dr. Floros's excluded testimony which was given in two video depositions. He indicated that Akron Square Chiropractic's marketing and advertisement efforts are performed by outside companies. Dr. Floros did not testify to any direct knowledge of the companies' practices in soliciting clients for Akron Square Chiropractic. He further testified that he has referred his patients to various law firms in the Akron area, including to the law firm representing Appellees in this case. When confronted with his testimony in prior cases concerning the number of referrals to the same law firm, he could not recall giving such testimony. Dr. Floros admitted that he has provided his patients with the business cards of local attorneys, which included the law firm representing the Appellees in this case, and contacted the firms on behalf of his patients. He was unsure how he obtained the business cards to hand out. Dr. Floros did not recall ever offering one of his patients a legal contingency fee agreement involving the law firm representing the Appellees.

{¶13} We conclude that the trial court did not abuse its discretion in limiting Dr. Floros's testimony on the general marketing and referral practices of Akron Square Chiropractic. We note that the trial court did not exclude all evidence on the disputed topics, but rather, in its discretion, limited the testimony to these specific Appellees. Accordingly, the jury did hear and

was able to evaluate Ms. Chambers', Mr. Woods', and Dr. Floros's testimony concerning how Appellees initiated medical treatment and arranged for legal representation. On matters concerning the scope of expert witness cross-examination, the Supreme Court has stated that,

> [w]e should stress the salient point that we do not hereby create any per se rule with respect to * * * the subject of an expert witness' bias and financial interest. To the contrary, we hold * * * that the scope of cross-examination of a medical expert on the question of the expert's bias and pecuniary interest and the admissibility of evidence relating thereto are matters that rest in the sound discretion of the trial court.

*Calderon v. Sharkey*, 70 Ohio St.2d 218, 224 (1982). While Ms. Lee advocates that the jury should have heard about other cases involving both Dr. Floros and the Appellees' legal representatives, we are not persuaded that the trial court acted in an unreasonable, arbitrary, or unconscionable manner in limiting Dr. Floros's testimony to the Appellees' specific case so as to avoid potentially misleading the jury. This is especially so because the contested testimony demonstrates that Dr. Floros had either limited knowledge about the contested topics of cross-examination or was unable to recall his testimony in the prior cases. Ms. Lee's assignment of error is overruled.

## III.

**{¶14}** Ms. Lee's sole assignment of error is overruled. The orders of the Akron Municipal Court are affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

FRANK G. MAZGAJ and EMILY R. YODER, Attorneys at Law, for Appellant.

MARK C. LINDSEY and CHRISTOPHER J. VAN BLARGAN, Attorneys at Law, for Appellees.