[Cite as *France v. Krebs*, 2015-Ohio-3723.]

STATE OF OHIO          )                 IN THE COURT OF APPEALS
)ss:            NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

EVELYN FRANCE                     C.A. No.      14CA010585

      Appellant

      v.                                 APPEAL FROM JUDGMENT
ENTERED IN THE
JOHN K. KREBS, et al.              COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
      Appellees                   CASE No.    10CV169294

DECISION AND JOURNAL ENTRY

Dated: September 14, 2015

CARR, Judge.

{¶1}   Plaintiff-Appellant, Evelyn France, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}   Defendant-Appellee, Dr. John Krebs, is an orthopedic surgeon who routinely performs partial and total knee replacements. In the spring of 2009, Ms. France saw an article about Dr. Krebs and decided to consult him with regard to the pain she had been experiencing in her right knee. Her first appointment with Dr. Krebs occurred on March 6, 2009. At that appointment, Dr. Krebs determined that Ms. France was a good candidate for a partial knee replacement. As such, Ms. France scheduled her surgery for the following month.

{¶3}   On April 20, 2009, Dr. Krebs performed Ms. France's knee surgery. Ms. France then had multiple follow-up appointments with Dr. Krebs from the end of April through the beginning of June. According to Ms. France, she repeatedly saw Dr. Krebs because she

experienced significant pain, swelling, and redness in her knee. Ms. France indicated that her symptoms steadily worsened as time went on, but that Dr. Krebs never actually examined her knee at any of her post-operative appointments. According to Dr. Krebs, the symptoms Ms. France experienced were consistent with partial knee replacement surgery and were not initially a cause for concern. He indicated that Ms. France did not report an increase in the severity of her symptoms during her post-operative appointments. Additionally, his notes reflected that he examined Ms. France's knee during at least one of her post-operative appointments.

{¶4} On June 4, 2009, Ms. France saw Dr. Krebs for the last time. After that visit, Dr. Krebs' office notified Ms. France that Dr. Krebs was taking a leave of absence and would not be seeing patients. Ms. France then consulted another orthopedic surgeon who eventually determined that the implant she received during her partial knee replacement was improperly positioned. Ms. France underwent two additional surgeries for her knee. She later learned that Dr. Krebs had taken a leave of absence because he entered a treatment facility for an alcohol addiction. There is no dispute that Dr. Krebs entered the facility on June 13, 2009, and that he later had his medical license suspended for a period of time.

{¶5} Subsequently, Ms. France brought suit against Dr. Krebs for medical malpractice as a result of the partial knee replacement surgery he performed. During discovery, she asked him about his license suspension as well as the details of any drug or alcohol treatment he had received. Dr. Krebs refused to respond to Ms. France's line of inquiry on the basis that his responses would be privileged as well as irrelevant to the litigation. Ms. France then filed a motion to compel, and Dr. Krebs filed a motion for a protective order. Each filed responses to the other's motion, and the court issued a ruling based on their respective filings. The court held that Ms. France could ask Dr. Krebs about his drug and alcohol use insofar as it related to his (1)

having been under the influence when he operated on Ms. France, or (2) having used and/or been dependent on drugs or alcohol during the time period that he administered aftercare to Ms. France. Yet, the court refused to allow Ms. France to inquire about any treatment Dr. Krebs received, any drug or alcohol use that occurred outside of the time periods outlined above, any investigation that the Ohio State Medical Board conducted, and any license suspension.

{¶6} Upon further deposition, Dr. Krebs admitted that he had received treatment for an alcohol addiction and that he had consumed alcohol at his office on one occasion. That incident occurred on June 12, 2009, and was the catalyst for his decision to seek treatment. Dr. Krebs testified that he drank approximately two to three days per week. He testified that he always performed his surgeries on Mondays and never drank on those days. Additionally, he testified that he never drank on Sundays because he knew he had to operate the following day.

{¶7} Before trial, Dr. Krebs filed a motion in limine, seeking to exclude any evidence related to his alcohol abuse, any drug or alcohol treatment he had received, and his license suspension. Ms. France opposed the motion, and both parties filed additional briefs. Upon review, the trial court granted the motion in limine. The court found both that the evidence was (1) irrelevant to the issue of whether Dr. Krebs had negligently performed Ms. France's surgery, and (2) substantially more prejudicial than probative.

{¶8} At trial, the court rejected Ms. France's oral motion to reconsider its ruling on the motion in limine, but allowed her to proffer the types of questions she would have asked during voir dire and during her examination of Dr. Krebs, had she been allowed to pursue her line of inquiry. A jury trial ensued and, at the conclusion of trial, the jury found that Dr. Krebs did not breach the standard of care in performing Ms. France's knee surgery. Consequently, the court entered a verdict in favor of Dr. Krebs.

{¶9} Ms. France now appeals from the trial court's judgment and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING APPELLEE'S MOTION IN LIMINE PROHIBITING APPELLANT FROM INTRODUCING TESTIMONY OR EVIDENCE OF APPELLEE JOHN KREBS, M.D.'S SUBSTANCE ABUSE AND DISCIPLINARY RECORD WITH THE MEDICAL BOARD OF THE STATE OF OHIO.

{¶10} In her sole assignment of error, Ms. France argues that the trial court erred by not allowing her to introduce evidence about Dr. Krebs' substance abuse, his treatment for the same, and his suspension from practice. We disagree.

{¶11} Initially, we note that Ms. France "has improperly addressed her argument to the trial court's interlocutory decision on [Dr. Krebs'] motion [in limine] rather than her proffer of the evidence at trial." *Scott v. Hong*, 9th Dist. Wayne Nos. 08CA0010 & 08CA0018, 2009-Ohio-780, ¶ 12. "It is well settled that a ruling on a motion in limine, i.e., a preliminary evidentiary ruling, is not a final, appealable order," *Cline v. Stein*, 9th Dist. Wayne No. 13CA0052, 2015-Ohio-2979, ¶ 14, and "cannot serve as a basis for reviewing error on appeal." *D.M. v. J.M.*, 189 Ohio App.3d 723, 2010-Ohio-3852, ¶ 33 (9th Dist.).

> At trial it is incumbent upon [the party], who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the trial court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal.

(Emphasis omitted.) *Sliwinski v. St. Edwards*, 9th Dist. Summit No. 27247, 2014-Ohio-4655, ¶ 19, quoting *State v. Grubb*, 28 Ohio St.3d 199, 203 (1986). Because Ms. France preserved her objection through proffer, we consider her argument as one directed at the trial court's

evidentiary ruling at trial, rather than its preliminary ruling. *See, e.g., D.M.* at ¶ 33; *Hong* at ¶ 13.

{¶12} "The decision to admit or exclude evidence lies in the sound discretion of the trial court. Absent an issue of law, this Court, therefore, reviews the trial court's decision regarding evidentiary matters under an abuse of discretion standard of review." *Wells v. Wells*, 9th Dist. Summit No. 25557, 2012-Ohio-1392, ¶ 42, quoting *Jones v. Jones*, 9th Dist. Summit No. 25468, 2011-Ohio-4393, ¶ 7. "Under this standard, '[a] trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶13} Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). "[I]f the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial. Usually, although not always, unfairly prejudicial evidence appeals to the jury's emotions rather than intellect." *Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172 (2001), quoting *Weissenberger's Ohio Evidence*, Section 403.3, at 85-87 (2000). "[T]he exclusion of relevant evidence under Evid.R. 403(A) is even more of a judgment call than determining whether the evidence has logical relevance in the first place." *Chambers v. Lee*, 9th

Dist. Summit No. 27239, 2014-Ohio-4651, ¶ 6, quoting *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 40.

{¶14} "In order to prove medical malpractice, the plaintiff has the burden to prove, by a preponderance of the evidence, that the defendant breached the standard of care owed to the plaintiff and that the breach proximately caused an injury." *Segedy v. Cardiothoracic & Vascular Surgery of Akron, Inc.*, 182 Ohio App.3d 768, 2009-Ohio-2460, ¶ 11 (9th Dist.). "A medical-malpractice claim requires the plaintiff to prove causation through medical expert testimony in terms of probability to establish that the injury was, more likely than not, caused by the defendant's negligence." (Internal quotations and citations omitted.) *Id.*

{¶15} It was Ms. France's position at trial that Dr. Krebs committed medical malpractice when he negligently performed her knee replacement surgery. Both sides presented conflicting expert testimony on that issue. Specifically, Ms. France presented the testimony of Dr. Gary Klaud Miller, an orthopedic surgeon who opined that Dr. Krebs breached the standard of care when he improperly fitted Ms. France with an implant that impinged upon her kneecap. Meanwhile, Dr. Krebs presented the testimony of Dr. Louis Keppler, an orthopedic surgeon who opined that Dr. Krebs' placement of Ms. France's implant was proper and that Dr. Krebs met the standard of care when he performed her surgery. There also was a great deal of trial testimony about the post-operative care Ms. France received. Nevertheless, both experts agreed that, even if Dr. Krebs had physically examined Ms. France's knee multiple times a day after her surgery, those examinations would not have affected the outcome of her surgery.

{¶16} Ms. France sought to introduce evidence related to Dr. Krebs' substance abuse treatment, diagnosis, and license suspension in order to create an inference. She argued that one could infer from the foregoing evidence that, at the time Dr. Krebs saw her as a patient, he was

unable to operate and perform his duties as a surgeon within the required standard of care. The trial court, however, determined that the evidence was irrelevant to the issue of whether Dr. Krebs was negligent in the performance of Ms. France's surgery. Additionally, the court found that the probative value of the evidence, if any, was substantially outweighed by the danger of unfair prejudice to Dr. Krebs. Ms. France argues that the court erred in its determination because, had the jurors been made aware of Dr. Krebs' substance abuse problem, "they would have had a plausible basis for his bizarre behavior and a foundation for the determination that he deviated from the standard of care in the surgery he performed on Ms. France."

{¶17} As noted above, Ms. France only claimed that Dr. Krebs was negligent in the performance of her partial knee replacement surgery. Although she testified that Dr. Krebs never notified her of the risks associated with her surgery and portrayed his post-operative care in a negative light, she specifically agreed to submit the following interrogatory to the jury:

> Do you find by a preponderance of the evidence that John Krebs, M.D. * * * deviated from the standard of care in the medical care and treatment of Evelyn Ms. France *in performing surgery upon her knee*?

(Emphasis added.) The jury was not asked to determine whether Dr. Krebs breached the standard of care when he identified Ms. France as an appropriate candidate for surgery, obtained her consent for the surgery, or conducted any of her post-operative care. As such, the issue for the jury was a narrow one.

{¶18} Ms. France failed to establish any correlation between Dr. Krebs' substance abuse problem and the surgery he performed on her knee. When she deposed Dr. Krebs, he testified that he voluntarily entered a treatment facility on June 13, 2009, after his colleagues discovered that he had consumed alcohol while at work the previous day. He indicated that he drank two to three times per week and that the June 12th incident was the first time he had ever consumed

alcohol at work. Dr. Krebs denied ever drinking on Mondays, the day that he performed his surgeries, or on Sundays because he knew he would have to operate the following day. Consequently, there was no evidence that he was impaired when he performed Ms. France's surgery on Monday, April 20, 2009.

{¶19} Having reviewed the record, we cannot conclude that the trial court erred when it excluded from trial the evidence regarding Dr. Krebs' substance abuse, his treatment for the same, and his suspension from practice. Importantly, the only issue before the jury was whether Dr. Krebs breached the standard of care in performing Ms. France's knee surgery. Because Ms. France did not demonstrate a correlation between Dr. Krebs' substance abuse problem and the surgery he performed, evidence that he had a problem did not make any fact of consequence in the medical malpractice action more or less probable. *See* Evid.R. 401. *See also Boom v. Robinson*, 9th Dist. Summit No. 20314, 2001 WL 753271, *3 (July 5, 2001) (evidence of doctor's addiction properly excluded as both irrelevant and speculative where "there [was] no nexus between his drug abuse and his actions in treating [the plaintiff]"). Moreover, there is a significant likelihood that the evidence would have improperly aroused the juror's emotional sympathies, rather than their intellect. *See Oberlin*, 91 Ohio St.3d at 172, quoting *Weissenberger's Ohio Evidence*, Section 403.3, at 85-87 (2000). We reject Ms. France's argument that the trial court abused its discretion when it excluded the foregoing evidence on the basis that it was irrelevant, as well as substantially more prejudicial than probative. *See Boom* at *3-4. As such, her sole assignment of error is overruled.

III.

{¶20} Ms. France's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

DENNIS M. O'TOOLE, Attorney at Law, for Appellant.

MARTIN T. GALVIN and THOMAS B. KILBANE, Attorneys at Law, for Appellees.