[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 169.]

**Oberlin et al., Appellants, v. Akron General Medical Center; North Hill Orthopaedics, Inc. et al., Appellees.**

[Cite as *Oberlin v. Akron Gen. Med. Ctr.*, 2001-Ohio-248.]

*Medical malpractice—Evidence—Witnesses—Evidence that an expert witness is a defendant in a pending malpractice action alleging a medical error similar to the one at issue is probative and is admissible to prove bias, prejudice, or motive to misrepresent.*

(No. 99-1876—Submitted September 13, 2000—Decided March 28, 2001.)

APPEAL from the Court of Appeals for Summit County, No. 18649.

––––––––––––––––

SYLLABUS OF THE COURT

Evidence that an expert witness is a defendant in a pending malpractice action alleging a medical error similar to the one at issue is probative and is admissible to prove bias, prejudice, or motive to misrepresent.

––––––––––––––––

PFEIFER, J.

{¶ 1} In December 1994, appellee Gregory Hill, D.O., performed a thumb joint fusion and bone graft procedure on appellant Robert C. Oberlin at Akron General Medical Center. In surgery, Hill used a pneumatic tourniquet with the assistance of a nurse. Hill dictated the tourniquet use, including its inflation pressure and the duration of the inflation. At Hill's direction, the tourniquet remained inflated for two hours and twenty-four minutes.

{¶ 2} Oberlin claimed that he suffered permanent damage to his left arm, hand, and ulnar nerve due to Hill's negligence. According to expert testimony

presented on Oberlin's behalf, the length of the inflation time was excessive, resulting in permanent injury to Oberlin, namely, reflex sympathetic dystrophy.

{¶ 3} Gregory Vrabec, M.D., testified as an expert for Hill. In his discovery deposition of May 28, 1997, Vrabec admitted to being a defendant in a pending medical malpractice action. When asked of the nature of the injury in that case, Vrabec responded, "Interestingly, it is ulnar nerve following an ulnar nerve transposition of the elbow." However, Vrabec claimed no knowledge of the details of the claim, including the plaintiff's theory of negligence.

{¶ 4} In a video deposition of June 13, 1997, Oberlin's counsel again cross-examined Vrabec as to the claim against him. The claim had been brought in Canada by Vrabec's former patient, Donna Kampen, and involved an injury similar to Oberlin's. Kampen's claim arose out of orthopaedic surgery on her left arm, and her injury was to her left ulnar nerve, causing causalgia, also known as reflex sympathetic dystrophy.

{¶ 5} When the video deposition was played at trial, the court refused to allow the jury to view Oberlin's cross-examination of Vrabec concerning the Canadian malpractice case. The trial court found that although the testimony "may have some probative value in terms of bias, * * * the Court feels that the prejudicial nature of this testimony far outweighs any probative value." Upon review of the transcript of the June 13, 1997 deposition, the trial judge noted:

"And all I can tell from reading this transcript, the only thing that the doctor agrees upon, that it involved orthopaedic surgery treatment on her left hand.

" * * *

"I can't tell from reading this whether or not [the Canadian] litigation * * * involved a tourniquet or if there was a problem with the anesthesia or all of those that are present in our case. I can't tell."

{¶ 6} On appeal, Oberlin attempted to demonstrate the probative value of the disallowed testimony, arguing that the evidence would have established

potential bias on Vrabec's part because he was facing a very similar malpractice claim himself.

{¶ 7} In his brief to the appellate court, Oberlin attached Vrabec's deposition in his own malpractice case taken in Canada on July 26, 1996. That deposition, however, had not been made available to the trial judge. The appellate court held that because Oberlin had failed to demonstrate that the probative value of the evidence at issue was not substantially outweighed by the danger of unfair prejudice, the evidence was inadmissible pursuant to Evid.R. 403(A).

{¶ 8} The cause is now before this court upon the allowance of a discretionary appeal.

{¶ 9} We hold that evidence that an expert witness is a defendant in a pending malpractice action alleging a medical error similar to the one at issue is probative and is admissible to prove bias, prejudice, or motive to misrepresent.

{¶ 10} Evid.R. 611(B) states that "[c]ross-examination shall be permitted on all relevant matters and matters affecting credibility."

{¶ 11} Evid.R. 616(A) addresses certain acceptable methods of impeaching witnesses:

"(A) Bias. Bias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence."

{¶ 12} Thus, Evid.R. 611 and 616, by specifically mentioning credibility, bias, and prejudice as appropriate subjects of cross-examination, are a testament to the inherent probative value of such evidence. Evid.R. 403 seeks to eliminate the potential for prejudice of certain evidence by prohibiting its use in certain circumstances. The rule reads:

"(A) Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

**{¶ 13}** The rule requires that the unfair prejudice *substantially* outweigh the probative value of the evidence.  Evid.R. 611(B) and Evid.R. 616 establish that cross-examination evidence relating to lack of credibility and bias have probative weight.  The first question, then, is whether the evidence at issue in this case could show bias.  The trial judge claimed to know little of the specifics of the claim against Vrabec—"the only thing that the doctor agrees upon, that it involved orthopaedic surgery treatment on her left hand."

**{¶ 14}** The similarity of the area operated upon and of the resulting injury is enough to indicate bias.  If Vrabec were to criticize any aspect of Hill's handling of the surgery, the Canadian plaintiff might seize on that testimony and use it against Vrabec in her own suit. Therefore, Vrabec might be biased in evaluating Hill's performance for fear that the testimony might be used against him later.  He might be predisposed to find that the doctor here acted within acceptable bounds of competence.

**{¶ 15}** Second, an expert with an active malpractice case against him might be hostile to malpractice claimants in general.  He might apply what he considers the unfairness of the entire process to his interpretation of whether this particular doctor acted reasonably.

**{¶ 16}** The probative value of Vrabec's testimony is unquestionable.  The ultimate question becomes one, then, of whether there is unfair prejudice in allowing questioning on a witness's own malpractice claim.  We look to other decisions of this court where potential prejudice was an issue.  In *Beck v. Cianchetti* (1982), 1 Ohio St.3d 231, 236, 1 OBR 253, 257, 439 N.E.2d 417, 421, this court held that Evid.R. 411 "allows admission of evidence of liability insurance when offered to prove bias or prejudice of a witness."  In *Beck*, the cross-examination of the witness would have revealed that the defendant in a negligence action had liability insurance, a fact that is not admissible to prove negligence.  However, this

court held that the evidence was admissible because it was offered to prove the witness's motive to misrepresent.

{¶ 17} More recently, in *Ede v. Atrium S. OB-GYN, Inc.* (1994), 71 Ohio St.3d 124, 642 N.E.2d 365, syllabus, this court held that "evidence of a commonality of insurance interests between a defendant and an expert witness is sufficiently probative of the expert's bias as to clearly outweigh any potential prejudice [that] evidence of insurance might cause." Again, in *Ede*, the testimony sought on cross-examination issue would have revealed the existence of the defendant's insurance coverage. And again, this court found that the probative value of the evidence outweighed any potential prejudice.

{¶ 18} In those cases, the cross-examination of the witness also revealed information about the defendant. Here, there was no such danger of an evidentiary ricochet. Vrabec would have been testifying only about his own malpractice case. The evidence would have no reflection on Hill.

{¶ 19} As in *Ede*, 71 Ohio St.3d 124, 642 N.E.2d 365, the trial judge in this case gave undue weight to any prejudice that might occur. The fact that evidence of a pending malpractice might affect how a jury views testimony of an expert does not of itself create unfair prejudice:

"Exclusion on the basis of unfair prejudice involves more than a balance of mere prejudice. If unfair prejudice simply meant prejudice, anything adverse to a litigant's case would be excludable under Rule 403. Emphasis must be placed on the word 'unfair.' Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision. Consequently, if the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial. Usually, although not always, unfairly prejudicial evidence appeals to the jury's emotions rather than intellect." Weissenberger's Ohio Evidence (2000) 85-87, Section 403.3.

{¶ 20} Of course, evidence of an expert witness's potential bias will prejudice the case of the party for whom he is testifying. But that is the very reason for establishing the bias of a witness—to cause a jury to think critically about the testimony being offered. The only important inquiry is whether the evidence of bias is *unfairly* prejudicial. Were Oberlin's counsel in this case to attempt to inflame jurors by describing the horrors of the Canadian plaintiff's injury, that might be considered unfairly prejudicial. The fact the expert is simply involved in a pending malpractice action is not.

{¶ 21} Thus, the trial court in this case unreasonably minimized the probative value of cross-examination of Vrabec on his pending malpractice claim, and accorded far too much weight to the allegedly unfair prejudicial nature of that testimony. The trial judge thus abused her discretion in refusing to allow Oberlin to cross-examine Vrabec on his pending malpractice action. We accordingly reverse the judgment of the appellate court, and order a new trial in this matter.

*Judgment reversed*

*and cause remanded*.

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

———————————

**COOK, J., dissenting.**

{¶ 22} Today's majority decision addresses the exclusion of evidence. It is well settled that "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. This court has specifically held that "[t]he scope of cross-examination of a medical expert on the questions of the expert's bias and pecuniary interest and the admissibility of evidence relating thereto are matters that rest in the sound discretion of the trial court." *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 24 O.O.3d 322, 436 N.E.2d

1008, syllabus (applying abuse-of-discretion standard to Evid.R. 403[B] determination). Therefore, an appellate court may only overturn a trial court's evidentiary ruling if that ruling was unreasonable, arbitrary, or unconscionable. *Id.* at 219-220, 24 O.O.3d at 323, 436 N.E.2d at 1010. See, also, *State v. Allen* (1995), 73 Ohio St.3d 626, 632-633, 653 N.E.2d 675, 683 (abuse-of-discretion standard applies to both Evid.R. 403[A] and [B] determinations). The majority opinion, however, does not accord the abuse-of-discretion standard proper consideration.

{¶ 23} While relevant evidence is presumed admissible under Evid.R. 402, the rules also provide for a determination of admissibility based upon whether the probative value of the evidence sought to be admitted "is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). In this case, the trial judge expressly found that the plaintiffs-appellants had failed to make a sufficient showing to enable the judge to say that the probative value of the evidence outweighed its prejudicial impact. Given the paucity of information before the trial court, I cannot say that the judge's decision was unreasonable, arbitrary, or unconscionable. Though I might have ruled differently from the trial court, such conjecture is beside the point. See *Calderon*, 70 Ohio St.2d at 222, 24 O.O.3d at 325, 436 N.E.2d at 1012 ("It is important to remember that the question before this court is not whether the trial court ruled as we would have ruled if confronted with these questions, but whether the court abused its discretion so as to prejudice [the complaining party]").

{¶ 24} Accordingly, I respectfully dissent.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____

*A. William Zavarello Co., L.P.A., A. William Zavarello* and *Rhonda Gail Davis*, for appellants.

*Mazanec, Raskin & Ryder* and *John L. Cullen*, for appellees.

*Mark W. Ruf*, urging reversal for *amicus curiae*, Ohio Academy of Trial Lawyers.

_____