{¶ 13} I respectfully dissent because I do not agree that the trial court abused its discretion in admitting the BAC evidence. Moreover, I disagree that the evidence as a whole leads to a conclusion that the jury lost its way or that the verdict represents a manifest miscarriage of justice.
 {¶ 14} In this case, the standard of appellate review is abuse of discretion. See Columbus v. Taylor (1988),39 Ohio St.3d 162, 165. Abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Sometimes, this Court defines it as a "perversity of will, passion, prejudice, partiality, or moral delinquency." State v. Wright, 9th Dist. No. 05CA008675, 2006-Ohio-926, ¶ 5; Pearn v. DaimlerChryslerCorp., 148 Ohio App.3d 228, 2002-Ohio-3197, ¶ 12. Alternatively, "the result of [the trial court's] determination must be so grossly violative of fact and logic that such result evidences the exercise of passion or bias instead of reason." State v.Bronner, 9th Dist. No. 20753, 2002-Ohio-4248, ¶ 111 (Carr, J., dissenting). The majority's decision in the present case, however, does not adhere to the deference of this standard under any of these definitions. See, e.g., Oberlin v. Akron Gen. Med.Ctr., 91 Ohio St.3d 169, 173-74, 2001-Ohio-248 (Cook, J., dissenting).
 {¶ 15} Ms. Curnutte testified that as she attempted to pass Mr. Clark, he made a sudden and inexplicable turn into her car, causing the collision. Mr. Clark responded that he was not weaving drunkenly, but had veered adeptly in order to avoid a door opening from a car parked along the side of the street. However, Mr. Clark was seemingly caught in a lie; he had never before suggested any car door, as was proven by his prior deposition testimony. Mr. Clark also testified that he had consumed two or three 40-ounce bottles of malt liquor and some gin before taking his bicycle onto a public road. Overall, the trial transcript demonstrates that Ms. Curnutte presented a coherent and reasoned version of the events; while Mr. Clark was argumentative, inconsistent, and repeatedly insisted that his brain contusions prevented him from remembering things.
 {¶ 16} In light of Mr. Clark's testimony, I find nothing especially unreasonable, arbitrary, or unconscionable in the trial court's decision to forgo expert testimony and admit the otherwise undisputed BAC evidence. Furthermore, I am hesitant to assume that, without an expert to explain the significance of a 0.286 BAC result, a jury of reasonable people was so inflamed by passion, misled, or confused that Mr. Clark could not possibly have received a fair trial. Nothing in the record supports this assumption. Rather than suggesting any prejudice or confusion, the record indicates that the jury followed the evidence in reaching a sound conclusion. The jury could have found in favor of Ms. Curnutte, with or without resort to Mr. Clark's intoxication. Any error in the admission of the BAC evidence, which was consistent with Mr. Clark's own testimony, should be deemed harmless. See, e.g., State v. Jamison, 9th Dist. No. 03CA0107-M, 2004-Ohio-2514, ¶ 18. I would affirm the trial court's decision and the jury's verdict.