[Cite as *State v. Sipple*, 2018-Ohio-4342.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-862 |
| v. | : | (C.P.C. No. 16CR-736) |
| Jeremy Sipple, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 25, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee. **Argued:** *Kimberly M. Bond*.

**On brief:** *Blaise G. Baker*, for appellant. **Argued:** *Blaise G. Baker*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Jeremy Sipple, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to two years of community control, pursuant to a jury verdict, finding appellant guilty of one count of unauthorized use of property. For the following reasons, we affirm the judgment.

I. Facts and Procedural History

{¶ 2} Sipple was indicted in case No. 16CR-736 on February 10, 2016, on one count of unauthorized use of computer, cable, or telecommunications property, a fifth-degree felony, in violation of R.C. 2913.04.[1] Plaintiff-appellee, State of Ohio, alleged that in the

---

[1] Sipple was also indicted on one count of tampering with government records in another case, No. 16CR-3918. That charge was nolled on November 30, 2017.

early morning hours of December 27, 2015, Sipple was taken into custody by the Whitehall Police Department following a disturbance call. At the police station, a breathalyzer test was administered and Sipple was slated for operating a vehicle under the influence of alcohol or drugs and other offenses. During the slating process, Sipple was left alone in the slate room, which contained a police department computer. When the officer conducting the slating process returned to the room, the computer did not function properly. The state alleged that surveillance video showed Sipple manipulating the computer while the officer was out of the room. Sipple entered a plea of not guilty to the charge of unauthorized use of a computer.

{¶ 3} On December 20, 2016, Sipple was arrested for domestic violence by Whitehall police officers and placed into a police cruiser ("the December 2016 incident"). While being transported to the Whitehall police station, Sipple allegedly spontaneously admitted he deleted files from the Whitehall police station computer and that he was intoxicated when he did it. On August 17, 2017, Sipple filed a motion to suppress in case No. 16CR-736 seeking an order suppressing evidence related to statements he made during the December 2016 incident. Sipple asserted the statements should be suppressed because police officers did not administer a *Miranda*[2] warning to him and he did not knowingly and voluntarily waive his constitutional rights. Sipple also argued the statements should not be admitted because any video recording of the alleged statements from the police cruiser camera was missing or destroyed. Sipple further claimed that admission of the statements would result in undue prejudice. The state filed a memorandum in opposition, arguing that Sipple's statements were voluntary and unsolicited.

{¶ 4} The trial court conducted a hearing on the motion to suppress on October 10, 2017. Officer Colton Stock of the Whitehall Police Department testified he responded to a disturbance call on December 20, 2016 involving Sipple and Sipple's father. Officer Stock arrested Sipple and placed him into a police cruiser, but did not give him a *Miranda* warning. Officer Stock testified he did not question Sipple, but while in the cruiser Sipple admitted he was intoxicated when he deleted material from the Whitehall police station computer. Officer Stock testified he believed the video camera in his police cruiser was recording when Sipple made the statements and that he believed the recording was

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

automatically uploaded to the department's computer server when he reached Whitehall police headquarters. However, Officer Stock admitted he could not be certain any video was uploaded to the server and he did not request the video be manually uploaded. Sergeant Spencer Salyers of the Whitehall Police Department testified regarding the department's police cruiser video system and video retention policies. Sergeant Salyers also testified that upon receiving a request from the prosecutor in late January 2017, he attempted to locate any videos from the cruiser in which Sipple was detained and transported during the December 20, 2016 incident. Sergeant Salyers testified the earliest video from that cruiser he could locate was from January 6, 2017. The prosecution also presented testimony from a city of Whitehall computer systems administrator, who had previously worked as an information technology technician in December 2016, and whose duties included working on computer issues for the Whitehall police department. He testified regarding the wireless upload system for videos from police cruisers and the process for manually uploading videos when the wireless system failed. The court ultimately denied the motion to suppress and the case proceeded to a jury trial.

{¶ 5} At trial, Officer Enrique Ortega of the Whitehall Police Department testified he responded to a disturbance call incident involving Sipple and Sipple's father on December 27, 2015. When the prosecutor asked Officer Ortega whether he was familiar with Sipple, Sipple's trial counsel objected and moved for a mistrial, arguing the question implied Sipple had a prior record with law enforcement. The trial court sustained the objection but denied the motion for mistrial. Officer Ortega testified Sipple appeared intoxicated and admitted he had driven home from a bar. Officer Ortega then performed standard field sobriety tests on Sipple and, based on the results of those tests, arrested him. Officer Ortega testified he transported Sipple to Whitehall police headquarters and processed the arrest. While completing the processing, Officer Ortega left Sipple alone in the slate room of police headquarters. Sipple was not handcuffed or otherwise restrained at the time. When Officer Ortega returned to the slate room, he was unable to access the jail log on the computer to make a note that Sipple was being transported to jail. He radioed his supervisor to notify him of the computer problem and proceeded to transport Sipple to the Franklin County Jail. Officer Ortega testified that the computer was working properly before he left Sipple alone in the slate room. On cross-examination, Officer Ortega

admitted Officer Stock told him about Sipple's alleged admission during the December 2016 incident but he did not take any steps to determine whether there was a video recording of that statement or to ensure that any video recording of that statement was preserved. A surveillance video from the slate room on December 27, 2015 was played for the jury. In the video, Sipple could be seen standing at the slate room computer and using the mouse associated with it. While Sipple was at the computer, the graphics on the screen changed multiple times although the surveillance camera was positioned too far away to be able to read anything on the computer screen. The city of Whitehall systems administrator testified all files from the slate room computer between 2010 and December 27, 2015 had been deleted and were not recovered.

{¶ 6} Officer Stock testified at trial regarding the December 2016 incident, stating he had a conversation with Sipple in which Sipple admitted he had deleted material from the slate room computer and that he did not know why he had been left alone in the slate room. Officer Stock further testified Sipple indicated he was intoxicated at the time he deleted material from the slate room computer. On cross-examination, Officer Stock indicated he believed this conversation was recorded but he did not ensure that a copy of the recording was preserved.

{¶ 7} Sipple testified he had been drinking at two neighborhood bars on December 27, 2015, and ultimately ended up blacking out. He awoke in a jail cell. Sipple testified he did not remember being in the slate room. Sipple also testified he did not remember talking to Officer Stock during the December 2016 incident and did not believe he would have made a spontaneous confession. Sipple admitted on cross-examination that he had been drinking the day of the December 2016 incident and blacked out, and that he did not remember talking to Officer Stock that day.

{¶ 8} The jury found Sipple guilty of one count of unauthorized use of property, a fifth-degree felony, in violation of R.C. 2913.04. The trial court imposed a sentence of two years of community control supervision, with additional sanctions as specified in the judgment entry.

## II. Assignments of Error

{¶ 9} Sipple appeals and assigns the following two assignments of error for our review:

[I.] The trial court erred in denying Defendant-Appellant's Motion to Suppress when the Defendant-Appellant's alleged statement to police was not admissible under Evid.R. 403.

[II.] The trial court erred in denying Defendant-Appellant's motion to declare a mistrial.

## III. Discussion

{¶ 10} Sipple argues in his first assignment of error the trial court erred by denying his motion to suppress. Although Sipple raised multiple arguments in his motion to suppress, on appeal he only argues that any statements made during the December 2016 incident were not relevant to his prosecution for unauthorized use, or that the probative value of such evidence was outweighed by the risk of undue prejudice.

{¶ 11} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, ¶ 32, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.* In this case, the trial court orally denied the motion to suppress after the hearing and did not enter written findings of fact.

{¶ 12} Sipple argues any statements to Officer Stock during the December 2016 incident were not relevant to his prosecution for unauthorized use of a computer. Generally, relevant evidence is admissible, except where excluded by the federal or state constitutions, statute, or rule. Evid.R. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Sipple was charged with unauthorized use of a computer, in violation of R.C. 2913.04. As relevant to this case, that statute prohibits knowingly gaining access to a computer or computer system without the consent of the owner of the computer or computer system. Officer Stock testified Sipple stated he deleted records from the slate room computer and was intoxicated when he did it. If true, this statement would constitute an admission of having accessed the slate room computer, which is a fact of consequence to determining

whether Sipple committed the charged offense. Thus, evidence regarding Sipple's statements during the December 2016 incident was relevant to the present case.

{¶ 13} Sipple further argues that even if the statements were relevant, they should have been suppressed due to the risk of undue prejudice. Relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). Sipple appears to argue there was a risk of undue prejudice because the statements were alleged to have been made while he was in a police cruiser.

{¶ 14} Exclusion of relevant evidence due to undue prejudice involves more than mere prejudice, because anything adverse to a party's case could be deemed prejudicial to that party. *State v. Crotts*, 104 Ohio St.3d 432, 2004-Ohio-6550, ¶ 8. " 'Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision. Consequently, if the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial.' " *Id.* at ¶ 24, quoting *Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172 (2001).

{¶ 15} A review of the trial transcript indicates Officer Stock did not testify on direct examination that Sipple's statements during the December 2016 incident occurred while Sipple was in a police cruiser. To the extent the jury became aware that this conversation occurred while Sipple was in a police cruiser, that fact was raised by Sipple's trial counsel in the course of cross-examining Officer Stock in impeaching his credibility based on the fact that no recording of the conversation from the cruiser's dash camera was preserved. Moreover, there was no testimony suggesting to the jury that Sipple was arrested or charged with any crime as a result of the December 2016 incident. Under these circumstances, we cannot conclude this was the type of evidence that would arouse the jury's sympathies, evoke a sense of horror, or appeal to the jury's instinct to punish Sipple, and the trial court did not err by failing to exclude the evidence based on the risk of undue prejudice.

{¶ 16} Accordingly, we overrule Sipple's first assignment of error.

{¶ 17} In his second assignment of error, Sipple asserts the trial court erred by denying a mistrial. As noted above, Sipple's trial counsel moved for a mistrial after the prosecutor asked Officer Ortega whether he was familiar with Sipple, and the trial court denied that motion. Sipple does not contest that denial on appeal. Rather, Sipple argues

the trial court should have granted a mistrial based on a comment made by the prosecutor in closing argument. Sipple cites the following comment by the prosecutor and the sidebar exchange that followed:

> [Prosecutor]: And the defendant happened to testify, so you have to use that same metric when you think about his testimony. You heard that he had just graduated and gotten his CPA. He was going to be sitting for the CPA license. His job and his future were on the line, and along comes another OVI arrest, another charge on his record, or something on his record.
>
> [Sipple's trial counsel]: Objection, Your Honor.
>
> [Prosecutor]: Strike that, Your Honor.
>
> The Court: Can you approach?

(Tr. Vol. II at 360.) The trial court then conducted a sidebar discussion with counsel:

> [Sipple's trial counsel]: Again, Your Honor, same objection I keep making. I understand that in the heat of the moment we say things we are not supposed to say, but I don't know what else to do. I just think it is improper. I don't think it is intentional, but I think it is improper. It is another comment on his record.
>
> The Court: Uh-huh.
>
> [Sipple's trial counsel]: And it is not in evidence.
>
> The Court: Closing arguments are not evidence, and I will reread that again. Don't bring it up anymore.
>
> [Prosecutor]: That was unintentional.
>
> The Court: Motion for mistrial denied.
>
> [Sipple's trial counsel]: Thank you, Your Honor.

(Tr. Vol. II at 360-61.) Although the trial court denied a mistrial, it appears Sipple's trial counsel did not actually move for a mistrial following the prosecutor's comment.

{¶ 18} "A mistrial should not be ordered in a cause simply because some error has intervened. The error must prejudicially affect the merits of the case and the substantial

rights of one or both of the parties." *Tingue v. State*, 90 Ohio St. 368 (1914), paragraph three of the syllabus. "Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible." *State v. Franklin*, 62 Ohio St.3d 118, 127 (1991). We review a trial court's grant or denial of a motion for mistrial for abuse of discretion, because the trial court is best situated to determine whether a mistrial is necessary. *State v. Griffin*, 10th Dist. No. 10AP-902, 2011-Ohio-4250, ¶ 13. Failure to grant a mistrial sua sponte, however, is reviewed under the plain error standard. *Id.* Plain error exists where an error is plain and obvious and affects a substantial right. *Id.* Because Sipple's counsel did not move for a mistrial due to the prosecutor's comment, on appeal he is effectively challenging the trial court's sua sponte denial of a mistrial. Therefore, we apply the plain error standard.

{¶ 19} Moreover, because Sipple's argument on appeal focuses solely on the prosecutor's comment in closing argument, he appears to assert a claim of prosecutorial misconduct. "The test for prosecutorial misconduct during closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected the accused's substantial rights." *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶ 198, citing *State v. Smith*, 14 Ohio St.3d 13, 14 (1984). The closing argument must be reviewed in its entirety to determine whether prosecutorial misconduct occurred and "isolated comments by a prosecutor are not to be taken out of context and given their most damaging meaning." *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, ¶ 94, citing *Donnelly v. De Christoforo*, 416 U.S. 637, 647 (1974).

{¶ 20} Generally, under Evid.R. 404(B), evidence of other crimes is not admissible to prove the character of a person to show action in conformity with that character. Evidence of a prior conviction may be admissible to attack the credibility of a witness under certain circumstances pursuant to Evid.R. 609; in the present case, there was no evidence of prior convictions introduced under that rule. Thus, the prosecutor's comment about "another OVI arrest, another charge on [Sipple's] record" appears to have been improper and the trial court correctly instructed the prosecutor not to make similar comments. Under the circumstances of this case, however, we cannot conclude that the comment prejudicially affected Sipple's substantial rights or that the trial court committed plain error by failing to grant a mistrial as a result of the comment. The comment was made during the rebuttal portion of the prosecutor's closing argument, in the context of arguing that

Sipple had a motive to destroy the records on the slate room computer. Moreover, the comment was brief, consisting of only one sentence in a rebuttal argument that comprised nearly ten pages of the written transcript. The trial court instructed the jury that closing arguments were not evidence immediately after the prosecutor's rebuttal argument. Considering the prosecutor's closing argument as a whole and the surrounding circumstances, we cannot conclude the comment prejudicially affected Sipple's substantial rights, nor that the trial court committed plain error by denying a mistrial due to the comment.

{¶ 21} Accordingly, we overrule Sipple's second assignment of error.

## IV. Conclusion

{¶ 22} For the foregoing reasons, we overrule Sipple's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.